IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00103-MR-WCM

| | |
|---|---|
| **SARAH BODDY NORRIS, et al.,** ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> **CITY OF ASHEVILLE, et al.,** ) <br> ) <br> Defendants. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the parties' Joint Stipulation and Amended Consent Motion to Retain Jurisdiction to Enforce Settlement Agreement [Doc. 31].

**I.   BACKGROUND**

The Plaintiffs originally filed this action on April 18, 2023, alleging federal constitutional claims pursuant to 42 U.S.C. § 1983 arising from the Defendants banning the Plaintiffs from city parks. [Doc. 1]. After this Court denied in part the Defendants' Motion to Dismiss [Doc. 22], the Defendants appealed the denial to the Fourth Circuit Court of Appeals. [Doc. 17]. On May 28, 2024, the parties filed a Notice of Settlement. [Doc. 28]. The parties now move for this Court to enforce said settlement and to retain jurisdiction of this action in order to do so. [Doc. 29].

In their Amended Motion, the parties stipulate to the following:

1) Shortly after execution of the Agreement, Defendants adopted an amended version of the City of Asheville's administrative policy regarding restricted access to City Parks ("Revised Policy"), Doc. 29-1 at 7. This Policy went into effect on July 1, 2024 and can be viewed on the City's website. *See*, www.ashevillenc.gov/department/parks-recreation/connect/ (last accessed August 5, 2024).

2) As of July 1, 2024, Plaintiffs' counsel have received all funds designated for attorneys fees' and costs under the Agreement. Defendants have thus satisfied all obligations set forth in paragraph 5 of the Agreement Terms. *See* Doc. 29-1 at 1.

3) The Agreement Terms include paragraph 3, in which Defendants agree to leave in place the injunctive relief granted to Plaintiffs by the Honorable Martin Reidinger in his March 25, 2024 Order, Doc. 22, and agree not to reinstate Plaintiffs' park access bans at any point in the future. *See* Doc. 29-1 at 1. The parties stipulate that this provision applies only to the park access bans imposed on Plaintiffs in December 2021, as described in Plaintiffs' Amended Complaint and preliminarily enjoined by this Court. *See* Doc. 6 ¶ 47; Doc. 22 at 26. Accordingly, this provision will not preclude Defendants from banning Plaintiffs from the parks in the future, so long as such bans arise from occurrences separate from those described in the Amended Complaint and are imposed in accordance with current city park access policies. Doc. 6 ¶¶ 42, 45-46.

[Doc. 31 at 2-3].

## II. STANDARD OF REVIEW

A district court has inherent authority to enforce settlement agreements. Hensley v. Alcon Labs., Inc., 277 F.3d 535, 540 (4th Cir. 2002). Motions to enforce settlement agreements draw upon standard contract principles. Id. In order "to exercise its inherent power to enforce a settlement agreement, a district court must (1) find that the parties reached a complete agreement and (2) be able to determine its terms and conditions." Id. at 540-41 (citing Moore v. Beaufort Cty., 936 F.2d 159, 162 (4th Cir. 1991); Ozyagcilar v. Davis, 701 F.2d 306, 308 (4th Cir. 1983)).

"The obligation to comply with a settlement's terms must be expressly made part of a court's order for jurisdiction to enforce the settlement after dismissal of the action to exist." Smyth ex rel. Smyth v. Rivero, 282 F.3d 268, 283 (4th Cir. 2002), overruled on other grounds by Stinnie v. Holcomb, 77 F.4th 200 (4th Cir. 2023) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381 (1994)). "Either incorporation of the terms of the agreement or a separate provision retaining jurisdiction over the agreement will suffice for this purpose." Id.

## III. DISCUSSION

From the parties' Amended Motion and their settlement agreement, the Court finds that the parties have reached a complete agreement. The terms

and conditions are easily determinable—the Defendants are to revise their administrative policy regarding access to parks, pay Plaintiffs a certain amount of attorneys fees, and agree not to enforce prior park bans against the Plaintiffs at any point in the future. [Doc. 29-1 at 1]. Therefore, the Court finds that the parties' settlement agreement is enforceable.

Because the parties have stipulated that the policy has already been revised and the attorneys fees have already been paid. Based thereon, the Court will find as fact that these parts of the Agreement have been accomplished. Therefore, the only outstanding component of the settlement agreement is that barring the Defendants from reinstating the Plaintiffs' prior park bans and leaving in place this Court's injunctive relief based thereon. [Doc. 31 at 3]. Therefore, the Court will retain jurisdiction over this matter for the exclusive purpose of enforcing this provision of the settlement agreement and this Court's order.

**IT IS, THEREFORE, ORDERED** that the parties' Joint Stipulation and Amended Consent Motion to Retain Jurisdiction to Enforce Settlement Agreement [Doc. 31] is **GRANTED,** and the Court retains jurisdiction to enforce the provision of the settlement agreement of the parties and this Court's order barring the Defendants from reinstating the Plaintiffs' prior park bans.

**IT IS SO ORDERED.**

Signed: August 8, 2024

Martin Reidinger
Chief United States District Judge